UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER SWETLAND,

                            Plaintiff,

     v.                                    Civil Action No. _____

NORTH AMERICAN ASSET SERVICES, LLC
D/B/A FRONTIER FINANCIAL GROUP,

                            Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Jennifer Swetland, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Frontier Financial Group, is a corporation organized and existing under the laws of the State of Nevada and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9.  That Plaintiff incurred a consumer loan debt.  This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by creditor to collect on the subject debt.

13. That in or about October of 2013, Defendant began calling Plaintiff multiple times per week in an attempt to collect on the subject debt.

14. That in or about October of 2013, Defendant contacted Plaintiff at her place of employment and left a voice message for Plaintiff to contact him back. Said message did not disclose the identify of the Defendant nor did it contain the requisite mini –Miranda warning.

15. That Plaintiff called the Defendant back and spoke with "Lionel". Plaintiff requested from Defendant validation of the debt since she had not received any notification from the Defendant. "Lionel" refused to provide Plaintiff validation of debt. Plaintiff also requested Defendant's contact information so she can send a cease and desist letter. Defendant refused to provide that information.

16. Later, Plaintiff contacted Defendant again and spoke to another employee who provided her an email and fax number for her to send a cease and desist letter. Plaintiff sent, via email and fax, a cease and desist letter to Defendant not to contact her regarding the subject debt.

17. Defendant, after receiving Plaintiff's request to cease and desist, contacted Plaintiff's cellular telephone several times including leaving a voice message for Plaintiff to contact them.

18. During one of these telephone calls, Defendant told Plaintiff that they will contact her place of employment to verify her employment. Defendant also stated that it was calling to determine if the Plaintiff wanted to take care of the debt on a voluntary basis. Said message implied that if the Plaintiff did not take care of it voluntarily, that Defendant would pursue a legal remedy.

19. That Plaintiff has not received any letters from Defendant in regards to the subject debt.

20. That the Defendant did not give the mini-Miranda warning during each communication with Plaintiff.

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692c(a)(1), and 15 U.S.C. §1692c(c) by contacting the Plaintiff after written notification that the Defendant is to cease communications with the Plaintiff.

   B. Defendant violated 15 U.S.C. §1692d, and 15 U.S.C. §1692d(5) by calling the Plaintiff an excessive amount of times, the natural consequences of which is to harass, oppress or abuse any person and causing her phone to ring conversations repeatedly.

   C. Defendant violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(2) and 15 U.S.C. §1692 e(5) by stating that it was calling to determine if the Plaintiff wanted to take care of the debt on a voluntary basis.

   D. Defendant violated 15 U.S.C. §1692e(11) by failing to communicate the "mini Miranda" warning during messages left on Plaintiff's phone.

   E. Defendant violated15 U.S.C. §1692d, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692f by threatening to contact the Plaintiff's employer to verify employment.

   F. Defendant violated 15 U.S.C. §1692g by failing to send the consumer a 30-day validation notice within five days or the initial communication.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 21, 2013

/s/ Seth J. Andrews_____
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com